United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20480
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TED SAVALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-3-5
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In 2000, Ted Savala was convicted pursuant to a guilty plea
of conspiring to commit arson. He was sentenced to five years of
probation. Savala's probation was subsequently revoked, and
Savala was sentenced to serve nine months of imprisonment and
three years of supervised release. Savala now appeals the
two-year term of imprisonment imposed following the revocation of
his supervised release. Savala argues that the district court
reversibly erred in imposing his revocation sentence because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances of his case do not warrant the statutory maximum two-year term of imprisonment imposed in his case.

Although the two-year term of imprisonment imposed upon revocation of Savala's supervised release exceeded the sentencing range indicated by the policy statements in Chapter Seven of the United States Sentencing Guidelines, it did not exceed the statutory maximum term of imprisonment that the district court could have imposed. See 18 U.S.C. § 3583(e)(3). Accordingly, Savala's revocation sentence was neither "unreasonable" nor "plainly unreasonable." See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). Savala has not shown error.

AFFIRMED.